**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SUKHJINDER SINGH,<br><br>    Petitioner,<br><br> v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>    Respondent. | No. 25-1824<br><br>Agency No.<br>A206-588-704<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026**
San Francisco, California

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Sukhjinder Singh, a native and citizen of India, petitions for

review of an order of the Board of Immigration Appeals (BIA) affirming an

Immigration Judge's (IJ) denial of Singh's applications for asylum, withholding of

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection pursuant to the Convention Against Torture (CAT). *See* 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. §§ 1208.16(c)–1208.18. Singh also petitions for review of the BIA's denial of his motion to reopen and terminate proceedings so he can pursue his application for adjustment of status with U.S. Citizenship and Immigration Services. Because the parties are familiar with the facts, procedural history, and arguments underlying this petition, we do not detail them here. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We deny the petition in part, grant it in part, and remand for further proceedings.

1. With the exception of Singh's arguments based on his Sikh identity, we first conclude we may reach Singh's arguments on the merits because they were exhausted before the BIA. *See Arsdi v. Holder*, 659 F.3d 295, 929 (9th Cir. 2011) (explaining that, where the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and does not disagree with the IJ, it is assumed that the BIA has reviewed the petitioner's claims on the merits).

2. Because the BIA adopted and affirmed the IJ's decision and cited *Matter of Burbano*, we "review the IJ's decision as if it were that of the BIA." *Tista v. Holder*, 722 F.3d 1122, 1125 (9th Cir. 2013) (citation omitted). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence," meaning "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028

(9th Cir. 2019). We review legal questions de novo. *Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1111 (9th Cir. 2024).

3. The IJ's conclusion that Singh's proposed particular social groups (PSGs) were not cognizable because he "failed to make any argument or submit any evidence" that Indian society recognized witnesses or reporters of crimes as socially distinct was supported by substantial evidence. Singh's proposed PSG, "identified witnesses of crimes," bears some similarity to a PSG we recognized as cognizable in *Henriquez-Rivas v. Garland*, 707 F.3d 1081, 1091–93 (9th Cir. 2013) (en banc) (witnesses who testify against gang members). However, the petitioner in *Henriquez-Rivas* provided "significant evidence" to support the social distinction of her PSG, *id.* at 1092, while here the IJ found that Singh did not submit supporting objective evidence. The evidence Singh belatedly provided to this court regarding India's recent witness protection scheme was not before the IJ. On the agency's record, it did not err by concluding that Singh failed to establish a cognizable PSG.

4. The IJ erred by ruling that Singh offered no evidence in support of his claim for persecution based on political opinion. *See Antonio v. Garland*, 58 F.4th 1067, 1075 (9th Cir. 2023) (holding that the agency erred where it failed to consider petitioner's argument or "highly probative" evidence). The IJ reasoned that Singh had not demonstrated his activities involved a "political element"

because they solely focused on opposing crime. But Singh's claims for asylum and withholding on political grounds were expressly based on public corruption whistleblowing, which are assessed under a different standard than the one relied on by the IJ. *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000) (explaining that efforts to expose corruption can constitute an expression of political opinion even if a petitioner "did not concomitantly espouse political theory"); *see also id.* ("When the alleged corruption is inextricably intertwined with government operation, the exposure and prosecution of such an abuse of public trust is necessarily political.").

The IJ failed to address relevant and substantial evidence connecting Singh's activities to anticorruption efforts. Singh testified about his membership in a national organization that reported crime and corruption and whose mission was to improve relations among the police, the public, and government administration. While in India, Singh testified against a corrupt police officer named Amarjit involved in drug-dealing with a gang who thereafter allegedly used his connections in the police force to pursue a campaign of harassment, arbitrary detention, falsified charges, and physical violence against Singh. The police refused to take Singh's complaints or provide protection against attacks from gang members and Amarjit. Other evidence also shows that Singh's friends and enemies saw Singh's activities in a political light. *See Singh*, 935 F.3d at 824.

Because the agency failed to address Singh's evidence supporting persecution based on political opinion, we grant Singh's petition in part, and we remand to the agency for further proceedings on this issue.

5. The IJ determined that Singh did not establish he was likely to experience torture if returned to India. *See* 8 C.F.R. § 1208.16(c). As the IJ recognized, Singh experienced beatings, serious harassment, and arbitrary detention that constituted past persecution but did not rise to the level of torture. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.18(a)(2)). Singh also failed to present evidence that he would continue to face reprisals over a decade after leaving India. The agency's denial of CAT protection was supported by substantial evidence.

6. We decline to consider Singh's arguments based on his Sikh identity because nowhere in his applications or his testimony did he assert a fear of persecution or torture on account of his being Sikh or, more generally, on the basis of a religious or cultural ground. This claim is unexhausted. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023)

7. Because we grant the petition for review of the claims for asylum and withholding based on political opinion, we dismiss as moot the petition for review of the denial of Singh's motion to reopen.

**PETITION DENIED IN PART, GRANTED IN PART AND**

**REMANDED, AND DISMISSED IN PART.**